IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUWAYNE D. CUNNINGHAM,

    Petitioner,                      No. CIV S-09-2465 DAD P

    vs.

RICHARD IVES, Warden,

    Respondent.                   <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have voluntarily consented to exercise of Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1). Petitioner challenges the execution of his sentence.

**I. Procedural Background**

        On May 24, 2004, while on supervised release in the United States District Court for the Eastern District of California in connection with a prior bank robbery conviction, petitioner was sentenced in the United States District Court for the Northern District of California to a term of 70 months incarceration for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). (Answer, Attach. 2.) On December 15, 2004, the United States District Court for the Eastern District of California revoked petitioner's supervised release and sentenced him to

1

a consecutive term of 24 months incarceration. (Answer, Attach. 3.) On May 23, 2007, petitioner was placed in the minimum security camp at FCI Herlong. (Answer, Attach. 1.) This court has independently verified that petitioner was released from custody on August 27, 2010.

Petitioner filed the instant federal petition for writ of habeas corpus on September 2, 2009. Respondent filed an answer on February 5, 2010. Petitioner did not file a traverse.

## II. Petitioner's Claims

Petitioner requests that this court order the Bureau of Prisons (BOP) to transfer him to a Residential Re-Entry Center (RRC) for up to the twelve month period authorized by 18 U.S.C. § 3624(c), as amended by the Second Chance Act of 2007, Pub. L. No. 110-199.[1] In his first ground for relief, petitioner argues that the BOP has failed to comply with the mandates of 18 U.S.C. § 3621(c)(1) by limiting the maximum term of a prisoner's placement in an RRC to six months. (Pet. at 3.)[2] In his second ground for relief, petitioner contends that the BOP's determination that only inmates with "extraordinary circumstances" can benefit from more than six months in an RRC is "an invalid regulation under the Administrative Procedure Act, as it was not the result of reasoned agency decision." (Id. at 4.) In his third ground for relief, petitioner claims that the BOP's decision not to grant him additional time in an RRC violated his Fifth Amendment right to due process because he was not provided notice and a hearing prior to that decision. (Id.)

## III. Analysis

Respondent argues that this court lacks subject matter jurisdiction over this action. (Answer at 10-13.) The Ninth Circuit Court of Appeals has issued opinions in actions brought pursuant to 28 U.S.C. § 2241 addressing, on the merits, arguments similar to those raised by

---

[1] RRCs are pre-release programs also referred to as halfway houses, community corrections centers (CCC) and work release programs. United States v. Miller, 547 F.3d 1207, 1208 n.1 (9th Cir. 2008).

[2] Page number citations such as these are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

petitioner in the instant petition. See Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008); see also Sacora v. Thomas, No. 10-35553, 2010 WL 4925437 (9th Cir. Dec. 6, 2010).[3] However, the issue of subject matter jurisdiction was not raised or discussed in those cases. Id. "[A court] is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio." United States v. L.A. Trucker Truck Lines, Inc., 344 U.S. 33, 38 (1952). See also Bassiri v. Xerox Corp., 463 F.3d 927, 933 n.3 (9th Cir. 2006) (same). Several lower court decisions have concluded that federal courts lack subject matter jurisdiction over § 2241 actions challenging BOP regulations and policies concerning placement of prisoners in RRCs. See, e.g., Scott v. Rios, No. 1:09-cv-00038 GSA HC, 2009 WL 1764991 (E.D. Cal. June 18, 2009); Arnold v. Adler, No. 1:08-cv-01427 LJO YNP [SLB] (HC), 2009 WL 3152043 (E.D. Cal. Sept. 28, 2009); Stringer v. Adler, No. 1:08-cv-01530 AWI GSA HC, 2009 WL 1312906 (E.D. Cal. May 12, 2009). Other district courts have concluded that subject matter jurisdiction over claims such as this one exists. See, e.g., Robison v. Ives, No. CIV S-08-2611 CHS P, 2010 WL 5394828 (E.D. Cal. December 21, 2010); McNatt v. Mitchell, No. 4:09-2334-RBH-TER, 2010 WL 3730552 (D.S.C. July 22, 2010).

        Assuming arguendo that this court has subject matter jurisdiction over petitioner's habeas claims, this action has been rendered moot by petitioner's release from custody and should be dismissed on that basis. A case is moot if it does not satisfy the case-or-controversy requirement of Article III, § 2, of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a

---

[3] Citation of this unpublished disposition by the Ninth Circuit Court of Appeals is appropriate pursuant to Fed. R. App. P. 32.1 and U.S. Ct. of App. 9th Cir. Rule 36-3(b).

favorable judicial decision.'"  Spencer, 523 U.S. at 7 (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)).  A challenge to a prison sentence becomes moot once the sentence has been served unless the petitioner continues to suffer collateral consequences.  Caswell v. Calderon, 363 F.3d 832, 836 (9th Cir. 2004); United States v. Palomba, 182 F.3d 1121, 1123 (9th Cir. 1999).  Any nonstatutory consequences of the sentence, such as its effect, apart from the conviction, on employment prospects or on the sentence imposed in a future proceeding, are insufficient to avoid mootness.  Lane v. Williams, 455 U.S. 624, 631-33 (1982); Wilson v. Terhune, 319 F.3d 477, 480-81 (9th Cir. 2003).

Here, this court cannot provide the relief sought in the habeas petition, which is placement in a halfway house for part of petitioner's sentence, because petitioner has been released from custody.  There is no suggestion or indication from the record before the court that petitioner will suffer a serious collateral or continuing injury as a result of the BOP's failure to grant him an earlier placement in an RRC.  Because petitioner has completed service of the challenged confinement, his claims are moot and must be dismissed.  See United States v. Brandau, 578 F.3d 1064, 1067 (9th Cir. 2009) ("Where the activities sought to be enjoined already have occurred, and the appellate courts cannot undo what has already been done, the action is moot, and must be dismissed") (quoting Bernhardt v. County of Los Angeles, 279 F.3d 862, 871 (9th Cir. 2002)); Nonnette v. Small, 316 F.3d 872, 875-76 (9th Cir. 2002) (petitioner could proceed with a civil rights action where a petition for writ of habeas corpus attacking punishment imposed as the result of a disciplinary proceeding would have to be dismissed as moot because petitioner had been released from prison); Picron-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); Schlenkerv v. Garcia, No. 09-cv-01416-MSK, 2011 WL 116848, at *1 (D. Colo. Jan. 13, 2011) (§2241 application challenging BOP's failure to place petitioner in an RRC for longer than 147 days denied as moot because petitioner had since been released from prison).

/////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is denied as moot; and

2. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this action.

DATED: February 2, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
cunningham2465.2241